AMOS C. MORRISON, APPELLEE, v. SCOTTS BLUFF COUNTY, APPELLANT.

FILED MARCH 13, 1920. No. 20848.

1. **Negligence:** CONTRIBUTORY NEGLIGENCE: DAMAGES. If, on the trial of an action "brought to recover damages for injuries to a person or to his property caused by the negligence of another," plaintiff is found to be guilty of negligence directly contributing to the injury complained of, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith; and if, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which, under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, the contributory neligence of plaintiff, however slight, will defeat a recovery. And even when plaintiff has established his right to recover under this rule, it is the duty of the jury to deduct from the amount of dam-

age sustained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained. Rev. St. 1913 sec. 7892.

2. Counties: CARE OF BRIDGES. A county is bound only to use reasonable care to keep its roads and bridges safe for the ordinary modes of public travel.

APPEAL from the district court for Scotts Bluff county: HANSON M. GRIMES, JUDGE. *Reversed.*

*L. L. Raymond* and *Robert G. Simmons,* for appellant.

*Wright, Mothersead & York, contra.*

MORRISSEY, C. J.

Plaintiff recovered a judgment for injuries to himself and damages to his automobile because of alleged negligence on the part of defendant in failing to keep a bridge and highway in proper repair. Defendant appeals, assigning as error the giving of instructions Nos. 4, 5, and 6 by the trial court.

Instruction No. 4, after quoting section 7892, Rev. St. 1913, reads as follows: "In this case, if under the evidence you find that defendant was negligent, and that you should find for plaintiff, you should first determine what sum will compensate the plaintiff for the damage you find that he is shown to have sustained, taking into consideration such elements as you are told in the other instructions it is proper for you to consider, and then, if you believe from the evidence that the plaintiff and his wife were guilty of contributory negligence and that their negligence was as great as the negligence of the defendant, if any, and bore an equal part in causing plaintiff's damage, then you should deduct from the amount which you find will compensate the plaintiff for the damage sustained one-half of that amount, and return the balance as your verdict in this case. If, on the other hand, you should find that both the plaintiff and the defendant were negligent, but that the negligence of the plaintiff was not as great as that of the defendant, you should deduct less than one-half or more than one-half,

depending upon whether plaintiff's negligence was greater or less.''

Is this instruction a correct exposition of the law of negligence under the statute? At common law, contributory negligence on the part of plaintiff, no matter how slight, was an absolute bar to recovery. The severity and injustice of this rule has in late years been recognized and the doctrine of comparative negligence has taken its place. Many jurisdictions no longer allow contributory negligence to be considered except in mitigation of damages. The federal employers' liability act, for example, provides: ''The fact that the employee may have been guilty of contributory negligence shall not bar a recovery; but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.'' 8 U. S. Comp. St. 1916, section 8659, p. 9423. Our statute does not remove contributory negligence as a bar generally, as does the federal statute, but provides that ''contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison.'' Under the rule laid down by the trial court, plaintiff was allowed a proportionate recovery, even though his negligence equalled the negligence of defendant, or was gross in comparison. The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, then the contributory negligence of plaintiff, however slight, will defeat a recovery. And even when plaintiff has established his

Morrison v. Scotts Bluff County.

right to recover under this rule, it is the duty of the jury to deduct from the amount of damage sustained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained.

By instruction No. 5, the court told the jury: "It is and was the duty of the defendant county to so construct its roads and bridges, and the approaches to its bridges, and to keep and maintain (them) in such condition as to make them safe for the traveling public to pass over and travel over them in the usual modes of travel." Defendant contends that the effect of this instruction was to make it an insurer of public safety. The rule is that a county is bound to use reasonable care to make its roads and bridges safe for the ordinary modes of public travel.

It is contended that instruction No. 6, told the jury that defendant by its answer admitted "the bridge in question was in the condition as by plaintiff alleged," whereas, it is claimed, the answer directly put the matter in issue. Counsel for plaintiff construe this instruction as merely telling the jury that plaintiff was not required to prove notice to defendant of the condition of the bridge and its approach before the happening of the accident. The instruction is of doubtful application; but as the cause must be reversed for the reasons already mentioned, we do not deem it necessary to pursue an analysis of it.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.

DAY, J., not sitting.