DAVID MCMULLEN ET AL., APPELLEES, V. NASH SALES COMPANY, APPELLANT.

FILED JULY 7, 1924.   No. 22863.

Negligence: COMPARATIVE NEGLIGENCE: INSTRUCTION. In an action to recover damages for personal injuries, where there is testimony from which gross negligence of each party may be inferred, it is error, under the statute on comparative negligence, to give an instruction permitting the jury to return a verdict against defendant, if he was guilty of "gross negligence" as compared with the "negligence" of plaintiff; "slight negligence" of the latter being the legal test for the purpose of comparison. Comp. St. 1922, sec. 8834; *Morrison v. Scotts Bluff County,* 104 Neb. 254.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Kennedy, Holland, De Lacy & McLaughlin,* for appellant.

*Gaines, Van Orsdel & Gaines* and *Bremers & Lee, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and THOMPSON, JJ., and BLACKLEDGE, District Judge.

ROSE, J.

This is an action to recover $25,600 in damages for personal injuries resulting from a collision between a motor-cycle and an automobile truck at the intersection of Forty-eighth and Dodge streets, Omaha, September 4, 1920. David McMullen, a minor employed as a messenger by the Western Union Telegraph & Cable Company, was riding the motor-cycle at the time of the accident. He and his employer are plaintiffs. The automobile truck was owned by the Nash Sales Company, a corporation of which Thomas H. McDearmon was president. Both are defendants. Charles Jones was driving the truck when the collision occurred, and it is alleged he was then an employee of defendants acting for them as such. Plaintiffs pleaded that, while McMullen, on his motor-cycle, was going west on the north side of Dodge street where it is intersected by Forty-eighth street, the truck hit him and hurled him against an iron lamp-post. As a result both of his legs were broken and he was otherwise severely injured. Jones, while acting for defendants, is charged with negligence in driving the truck southward on the wrong side of Forty-eighth street where it crosses Dodge street; in approaching the intersection without warning at an unlawful and dangerous rate of speed; in driving the truck into the motor-cycle while McMullen was lawfully crossing Dodge street; in approaching and entering the crossing without having the truck under control; in disregarding the right of way to which McMullen was entitled because he was first to reach the intersection.

The Nash Sales Company, defendant, denied negligence on its part, and pleaded that the driver of the truck was not acting for it at the time of the accident; that, if McMullen sustained injuries, they were caused by his own gross, contributory negligence; that the driver of the truck exercised due care; that he had the right of way; that Mc-

Mullen at the time operated his motorcycle at a dangerous and unlawful rate of speed on the wrong side of the street; that he could not stop in time to prevent a collision; that he negligently attempted to pass in front of the truck and crashed into it as the result of his own gross negligence. The other defendant, McDearmon, also denied negligence and blamed McMullen for the accident and the resulting injuries. Upon a trial of the issues the jury returned a verdict in favor of McMullen and against the Nash Sales Company, defendant, for $5,000, and also in favor of McDearmon. From a judgment on the verdict, the Nash Sales Company has appealed.

It is first argued that the district court should have directed a verdict in favor of the Nash Sales Company on the grounds that the driver of the truck at the time of the accident was not engaged in the business of that corporation, that actionable negligence attributable to it was not shown and that the injuries of which McMullen complains were caused by his own gross negligence. There is a reasonable view of the evidence in which it is sufficient to sustain a verdict in favor of McMullen on all these issues.

There seems, however, to be an erroneous instruction on the law of negligence. Plaintiffs pleaded due care on their part, and charged defendants with negligence as the proximate cause of the collision. Defendants, as already stated, denied the negligence imputed to them, and took the position that McMullen was injured as the result of his own gross negligence. How the accident occurred and who caused it were controverted questions of fact for the jury. There was evidence on both sides. The witnesses did not agree. There was a conflict in their testimony. There was proof from which gross negligence on the part of the operator of each vehicle was inferable. A verdict either way under proper instructions could have been sustained. With the record in the condition outlined, the district court gave an instruction defining the degree of care and caution required of McMullen, and closing with these words:

"But should you find that plaintiff's failure to exercise

the degree of care and caution above required was not the sole and only cause of the accident and injury to the plaintiff, but only contributed thereto and in a less degree than that of the said truck-driver, if any, then that fact would not, in itself, necessarily wholly defeat a recovery on the part of the plaintiff, provided you should also find from a preponderance of the evidence that the said truck-driver was guilty of gross negligence as compared with the negligence of the plaintiff, if any, but such negligence should be considered by you in mitigation of damages in proportion to the amount of contributory negligence which you find attributable to the plaintiff."

The effect of this instruction was to permit a recovery for damages if the truck-driver was guilty of gross negligence as compared with the negligence of McMullen, if any. The comparison authorized by the instruction is between "gross negligence" of Jones and "negligence" of McMullen, while the latter's conduct, according to the statutory rule, must be tested for the purpose of his recovery by the degree of "slight negligence." The legislature declared the law to be:

"The fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison." Comp. St. 1922, sec. 8834.

Referring to this provision it was said in a recent opinion:

"The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, then the contributory

negligence of plaintiff, however slight, will defeat a recovery." *Morrison v. Scotts Bluff County,* 104 Neb. 254.

For the purpose of determining liability for damages, where both parties are guilty of negligence in some degree, "slight negligence" is not the same as "negligence." Under the instruction in controversy, when considered with the evidence and the statute, the term "negligence of the plaintiff" may have included "gross negligence" in the minds of the jury. The instruction was clearly erroneous and permitted a recovery not authorized by law. Owing to the divergent views of the witnesses as to the facts in controversy, there does not seem to be any substantial ground for holding that the error was not prejudicial to the Nash Sales Company. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Negligence, 29 Cyc. p. 657.