CARL C. PETERSON, APPELLEE, v. AUGUST MILLNITZ, APPELLANT.

FILED FEBRUARY 7, 1930. No. 27008.

*Brown, Fitch & West* and *G. F. Nye,* for appellant.

*George M. Harrington* and *M. F. Harrington, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and DINEEN, District Judge.

DEAN, J.

Carl C. Peterson, plaintiff, sued in the district court for Pierce county to recover damages for personal injuries sustained when he was struck by an automobile which he alleges was negligently driven by August Millnitz, defendant, July 20, 1927. The jury returned a verdict for $3,750 for plaintiff, upon which a judgment was rendered. Defendant has appealed.

Plaintiff was a man of middle-age at the time. He testified that at or about noon of the day in question here, he was walking toward his home in Plainview, accompanied by Howard Shacklett, a Burlington section foreman. It appears from plaintiff's evidence that he and Shacklett were walking north and that when they reached the street intersection Shacklett continued to walk to the north, but that the plaintiff started to walk across the street in a diagonal direction, and that he looked up just as he started to go across and saw defendant's automobile approaching. On the cross-examination, the plaintiff testified in respect of the accident: "Q. It (the car) was coming toward you and zigzagging and you started to walk diagonally northwest and never thought of it from that time on. Is that right? A. Yes. Q. You did not see this car that went north? A. No. Q. You did not hear the horn blow, did you? A. No. Q. And you were well out in the intersection when you were hit, were you not? A. About five or six steps out, so far as I know. Q. Well, you heard Mr. Shacklett testify here that, when he left, you turned and went due west and then started to cut the corner? A. Yes; but I don't think I did. Q. You say that you started to go kitty-

cornered immediately? A. Yes, sir. Q. You did not go west and then start? A. No. * * * Q. There was nothing about the speed of the car as it came toward you that attracted your attention, was there? A. No, sir. * * * Q. Where was his (defendant's) car when you first saw it with reference to that north and south street a block east? A. About over in the other street. Q. That is a block east? A. Yes."

From plaintiff's evidence it appears that the collision threw him under the car and that he was dragged about half the width of the street intersection and for a time he was rendered unconscious. He was removed to a hospital where he remained five or six weeks and afterward he got about on crutches.

Defendant testified that when the accident happened he was driving a Ford coupé at the rate of 10 or 12 miles an hour, and that he saw plaintiff near the center of the intersection and Shacklett on the sidewalk at the time. Defendant was driving west on the north side of the street until he approached the intersection. According to his evidence, in order to avoid a collision with a car approaching from the west, which turned north at the intersection, defendant was compelled to turn toward the south side of the street. He testified that no signal was given by the driver of the other car as to which direction he intended to turn. Defendant testified that he honked his automobile horn when he was fifty feet from the point of the accident and that plaintiff then turned toward the south and jumped backward and was struck by his car. Due to a recent rain, the record shows that the road was soft and muddy, and the impression of plaintiff's body which was dragged a considerable distance by defendant's car was plainly to be seen in the road. It may be noted that the condition of the road would have something to do with the required time for stopping the car.

From plaintiff's evidence it appears that he saw the defendant's car while it was yet a block away. At the time he was struck plaintiff was not on a crosswalk but was in

the intersection a short distance therefrom. And the evidence also discloses that, but for the approach of another car from the west, which suddenly turned to the north, defendant would have continued driving toward the west and would not suddenly have turned south to avoid a collision with the north-bound car. From the facts before us it appears that defendant was justified in making this turn. Plaintiff, however, was himself guilty of negligence in that he did not look both east and west to find out whether an automobile or other vehicle was approaching before he began walking diagonally out into the street. Plaintiff should have exercised even greater care and caution in crossing in this manner than in crossing at a pedestrian's crosswalk thereon.

The rule appears to be well settled in respect of actions for personal injuries in that, if the plaintiff is guilty of contributory negligence, he cannot recover damages unless his negligence is shown to be slight in comparison with that of the defendant. But where plaintiff's negligence is gross in comparison with the negligence of the defendant, such negligence will defeat a recovery. *Morrison v. Scotts Bluff County*, 104 Neb. 254; *Haffke v. Missouri P. R. Corporation*, 110 Neb. 125; *Allen v. Omaha & S. I. R. Co.*, 115 Neb. 221.

In one of the instructions the court informed the jury that the undisputed evidence disclosed that when the plaintiff was struck by defendant's car he, the defendant, was running his car on the south half of the street and some distance from the sidewalk, and that under such condition it was the duty of the plaintiff to be on the lookout for auto- mobiles from the west, "but it was not his duty as a matter of law to be looking for an automobile coming from the east. He had the right to assume that automobiles coming from the east would be traveling on the north half of the street and not the south half." The foregoing instruction does not appear to us to be a correct statement of the law. In this day of high-powered automobiles, which traverse every village and every city street, a pedestrian cannot be said to be justified in failing to look in all directions for the

approach of automobiles before attempting to cross a street. And in this connection we think the court erred in giving the instruction of which complaint is made by the defendant.

In view of the facts and the law applicable thereto, we conclude that the judgment herein must be and it hereby is

REVERSED.