WALTER S. WHITTAKER ET AL., APPELLANTS, V. NELL HANIFIN ET AL., APPELLEES.

291 N. W. 723

FILED APRIL 26, 1940. No. 30805.

*Beatty, Maupin, Murphy & Davis,* for appellants.

*Halligan, McIntosh & Halligan* and *Beeler, Crosby & Baskins, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

PAINE, J.

This action grew out of an automobile collision, in which Walter S. Whittaker, one of the plaintiffs, suffered very serious injuries. At the close of plaintiffs' evidence, each of the defendants separately moved the court to discharge the jury and enter judgment for defendants. The jury

were discharged, and the motion sustained and the action dismissed. The plaintiffs appeal.

There is but little conflict in the evidence in this case. Plaintiff Walter S. Whittaker was 22 years of age, and was driving an International half-ton truck, loaded with 1,000 pounds of meat, into North Platte from the plant of the North Platte Packing Company. The accident occurred about four or five blocks east of the city limits of North Platte on an extension of East Eighth street, which road leads to stockyards and this packing plant. There is heavy traffic on East Eighth street at all times.

The defendant Harry Gutherless was 19 years of age, and on June 2, 1938, was employed by Miss Nell Hanifin, the other defendant, who owned Milady Shop. Gutherless was driving his own 1934 Ford V-8 car, which had run over 50,000 miles, on Bryan avenue, accompanied by Miss Aubrey Hosford, who had bills of Milady Shop which they were trying to collect.

. The accident occurred about 11 o'clock in the morning on June 2, 1938, on a clear day, with perfect visibility. The plaintiff had loaded his truck with meat at the packing plant, and started to deliver it to a merchant in North Platte. He had to run in intermediate for at least half a mile before he was able to get his engine into high speed, and was running at about 40 or 50 miles an hour on East Eighth street toward the city when the collision occurred.

The defendant was going south on Bryan avenue, which crossed East Eighth street at right angles. The defendant and the lady with him, in trying to find the house of a certain debtor, were intently examining the number on the house they had just passed, and were giving little or no attention to the traffic on the highway they were about to cross. The plaintiff, being on the main-traveled road, and heavily loaded, did not slacken his speed, although he saw the defendant's car approaching the intersection when 150 feet away. The plaintiff testified that he expected that the car would slow down and let his truck pass, and therefore did not sound his horn, and never applied his brakes. When

plaintiff discovered that the car, which was going nearly as fast as he was driving, was not going to stop, he tried to turn his truck into the ditch to avoid a collision, but it was too late, and a terrific crash occurred, wrecking both vehicles. The plaintiff was badly injured, had compound fracture of the jaw, with many teeth knocked out, and his skull was fractured and required three operations.

The defendant testified that his eyes were fastened on the house he was·passing, to get the number, and he never looked to see if a car was coming into the intersection, and drove into the intersection without applying his brakes. The plaintiff's reason for not attempting to stop his truck was that traffic on the highway on which he was traveling, between the city of North Platte and the packing plant and stockyards district, had in his opinion the right of way, as cars coming in from the side streets were in the habit of stopping for the heavier traffic on this road, and, therefore, while he saw the Ford approaching, and even noticed that they were not looking where they were driving, he made no effort to stop until the instant before the crash, when he turned the truck towards the ditch.

In reference to these two roads, neither one is an arterial highway. They are both graveled roads, but the defendant had the right of way, as he was approaching from the right side. "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." Comp. St. Supp. 1939, sec. 39-1148.

The plaintiff insists that one who has negligently placed himself in a situation of imminent peril, and is either unconscious of the situation, or unable to avoid the danger, or both, may nevertheless recover damages of the defendant who negligently inflicts injury, if the defendant could have avoided the injury after discovering the plaintiff's peril, citing 4 Blashfield, Cyclopedia of Automobile Law and Practice, 536, and Restatement, Torts, sec. 479.

However, as the court views this case, the evidence does not support the theory that plaintiff was unable to avoid the

peril, for he saw defendant coming when 150 feet away, and did nothing; nor does the evidence indicate that the defendant had time to do anything after discovering plaintiff's peril.

Plaintiffs' counsel also argues that this court has held that the failure of the driver of an automobile, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is, under the circumstances of this case, gross negligence as a matter of law, citing *Nelson v. Plautz*, 130 Neb. 641, 265 N. W. 885, and *Nielsen v. Yellow Cab & Baggage Co.*, 130 Neb. 457, 265 N. W. 420. Even though this is all true, it does not relieve the plaintiff of his negligence under the facts herein.

In *Morrison v. Scotts Bluff County*, 104 Neb. 254, 177 N. W. 158, this court said: "If, on the trial of an action 'brought to recover damages for injuries to a person or to his property caused by the negligence of another,' plaintiff is found to be guilty of negligence directly contributing to the injury complained of, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith." See, also, 17 Neb. Law Bulletin, 71.

This court has held many times that, where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury, but where the evidence shows beyond reasonable dispute that the plaintiff's negligence is more than slight as compared with the defendant's negligence, then it is proper for the trial court to instruct the jury to return a verdict for the defendant. *Sindelar v. Hord Grain Co.*, 116 Neb. 776, 219 N. W. 145.

The evidence in the case at bar clearly shows that the plaintiff was guilty of more than slight negligence, which defeats a recovery, in which case it is proper to sustain a motion for an instructed verdict for the defendant. *McDon-*

*ald v. Omaha & C. B. Street R. Co.*, 128 Neb. 17, 257 N. W. 489.

In our opinion, the evidence offers no foundation for the application of the doctrine of the last clear chance, urged by plaintiffs. *Diehm v. Dargaczewski,* 135 Neb. 251, 280 N. W. 898.

The negligence of the plaintiff was more than slight, and therefore, as a matter of law, the trial court was right in not submitting the case to the jury, for under the circumstances the plaintiff is not entitled to recover in law.

AFFIRMED.