KUNDERT, Appellant, v. B. F. GOODRICH COMPANY,
et al, Respondents

(18 N. W. 2d 786.)

(File No. 8691.   Opinion filed May 15, 1945.)

**Jerry Maher,** of Sioux Falls, for Appellant.

**Bailey, Voorhees, Wood & Fuller,** of Sioux Falls, for Respondent.

ROBERTS, Judge.

Plaintiff sustained injuries in an automobile collision occurring at a street intersection in Sioux Falls. The case was tried to a jury with the result that a verdict was returned in favor of plaintiff for $1,200. The court granted a motion for judgment notwithstanding the verdict. Judgment was thereupon entered and this appeal followed.

The accident occurred at the intersection of Tenth Street and Dakota Avenue in the forenoon of November 10, 1941, between 9 and 10 o'clock. Plaintiff was driving in a northerly direction on Dakota Avenue, a street 40 feet in width. At the same time an automobile driven by Hobart Albert, an employee of the defendant B. F. Goodrich Company, approached the intersection in a westerly direction on Tenth Street, which is 52 feet in width. Tenth Street is a through street and at the time of the accident was designated by appropriate signs. The day was clear and the drivers had a clear view of the intersection. Plaintiff testified that when he came to the intersection he stopped, looked both to the right and left, but did not see the car driven by Albert, and then proceeded through the intersection until the collision occurred. Albert testified that he was traveling at a speed of 25 miles per hour. Plaintiff, not having seen the car approaching on the intersecting street, testified that he did not know how fast it was being driven. Plaintiff's car was struck on the right rear side by the right front of the car driven by Albert, the collision occurring four or five feet south of the north line of the intersection.

It is urged by plaintiff that he was not guilty of negligence contributing to his injuries and that under the comparative negligence law (Ch. 160, Laws 1941) the question

of contributory negligence was one of fact to be determined by the jury and not of law.

■ In Friese v. Gulbrandson, 69 S. D. 179, 8 N. W.2d 438, this court held that the comparative negligence statute is limited in its application to cases in which the evidence warrants the inference that plaintiff was guilty of no more than slight contributory negligence.

■■ This court has often announced the rule to be that where reasonable minds might draw different inferences or conclusions from the facts proved or if there is a conflict in the evidence the matter at issue must be submitted to the jury, but where it is a matter of declaring a standard of conduct or where undisputed facts are of such a nature that reasonable men could not differ as to whether the exhibited conduct conforms to established conduct, the question is one of law for the court. Ulrickson v. Chicago, M. St. P. & P. Ry. Co., 64 S. D. 476, 268 N. W. 369. Where the evidence shows beyond reasonable dispute that the negligence of plaintiff is more than slight, the trial court must then instruct the jury to return a verdict for the defendant. Sindelar v. T. B. Hord Grain Co., 116 Neb. 776, 219 N. W. 145; Whittaker v. Hanifin, 138 Neb. 18, 291 N. W. 723; Chew v. Coffin, Neb., 12 N. W. 2d 839.

■ The record presents a situation requiring the evidence to be viewed in the light most favorable to plaintiff. So viewing the evidence and assuming negligence on the part of Albert, we think that plaintiff was guilty of contributory negligence as a matter of law. The car driven by Albert was on a through street and plaintiff was on a stop street. It was plaintiff's duty to stop and to make, before and after entering the intersection, observations and to adapt his movements to accord with his own safety. Jamison v. Gerth, 61 S. D. 514, 249 N. W. 921; Anderson v. Huntwork, 66 S. D. 411, 284 N. W. 775; McKiver v. Theo. Hamm Brewing Co., 67 S. D. 613, 297 N. W. 445. It is apparent that plaintiff did not look at all or that he did not do so effectively. The evidence clearly shows that he was guilty of more than slight negligence as a matter of law and, therefore, it was proper to sustain the motion for a judgment not-

withstanding the verdict. To the same effect see Nelson v. Plautz, 130 Neb. 641, 265 N. W. 885; Whittaker v. Hanifin, supra; Klement v. Lindell, 139 Neb. 540, 541, 298 N. W. 137.

The judgment appealed from is affirmed.

SMITH, P.J., and RUDOLPH and SICKEL, JJ., concur.

POLLEY, J., not sitting.