ROBERTS, Respondent, v. BROWN, et al, Appellants

(36 N. W.2d 665.)

(File No. 9012.   Opinion filed April 5, 1949.)

Rehearing Denied May 9, 1949.

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Appellants.

**Blaine Simons** and **Tom Kirby,** both of Sioux Falls, for Respondent.

RUDOLPH, J.    This action involves an automobile collision which occurred on Minnesota Avenue in the City of Sioux Falls.   We review the evidence in the light most favorable to the plaintiff who obtained a verdict.   Defendant has appealed.   Minnesota Avenue is very heavily traveled by both trucks and cars.   On the afternoon of November 19, 1947, plaintiff was driving a wrecker truck south on Minnesota Avenue.   The pavement was dry and the day was clear.   Plaintiff was employed by the Andy C. Thompson Motor Co. which has a driveway into its garage on the east side of Minnesota Avenue between 8th and 9th Streets. Plaintiff testified that at the time in question he intended to cross over from the west side to the east side of Minnesota Avenue and enter the garage driveway.   When about 50 feet to the north of the driveway he opened the door of the truck on his lefthand side for the purpose of signaling his turn and also for the purpose of allowing him to look out of the open door and to the rear to observe whether any cars were coming.   Plaintiff testified that as he opened the door he was two or three feet to the west of the center line of Minnesota Avenue and that he looked to the rear shortly after opening the door but continued his forward motion at a very slow speed, perhaps two or three miles an hour. However, it appears that during this time he was making his turn and as testified by him when he again looked to the south or to his front the delivery truck driven by defend-

ant was "right down in front of me." Plaintiff testified that the collision followed immediately and that at the time his truck was angling over toward the driveway with the left front wheel of the truck beyond the center line and into the east portion of the highway and the right front wheel of the truck about on the center line. Plaintifl's truck was damaged between the right front light and the front center. Plaintiff further testified that as he looked to his front just before the accident he observed that defendant was "looking the other way." Plaintiff further testified that he kept looking to his front or to the south after opening the truck door until he was about 25 feet north of the driveway and that as he watched the road ahead of him he observed no car coming toward him although he had a clear view for more than 300 feet to the south. Plaintiff was unable to estimate the speed of defendant's car but he produced a witness who testified that he was double parking a car on the east side of Minnesota Avenue about 150 feet south of the point of the collision; that as he was about to open the left door of this car which he had parked he was cautioned by the horn of an approaching car from his rear and that he observed this car going by at a speed of over thirty miles per hour. He then proceeded to get out of the car and as he was doing so heard the crash of the collision. An ordinance of the city of Sioux Falls provides:

"No vehicle shall cross over from the right side of the street to the left side of the street * * * except upon the intersection of one street with another * * *."

■ The negligence of the defendant is, in our opinion, established by the evidence of excessive speed and the failure to keep a lookout to the north or to the front. The principal questions presented relate to the contributory negligence of the plaintiff, and the comparative negligence of the two drivers.

■ The ordinance referred to above fixed a standard of conduct designed to prevent a dangerous situation. The violation of the ordinance, therefore, if such violation contributed to the cause of plaintiff's injury would, apart from

the comparative negligence law, bar a recovery. Zeller v. Pikovsky, 66 S. D. 71, 278 N. W. 174; Kundert v. B. F. Goodrich Co. et al., 70 S. D. 464, 18 N. W.2d 786; Robertson v. Hennrich, 72 S. D. 37, 29 N. W.2d 329; Anderson v. Langenfeld, 72 S. D. 438, 36 N. W.2d 388. We are convinced that the only conclusion that can be reached from the evidence is that the collision occurred to the east of the center line of the highway, and no collision would have occurred had plaintiff been on his right-hand side. Under these circumstances it cannot be held other than that plaintiff's acts were a contributing cause of the collision and resulting injuries. Petteys v. Leith, 62 S. D. 149, 252 N. W. 18.

Our comparative negligence statute (Ch. 160, Laws 1941) provides, "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

The trial court submitted the issue of comparative negligence to the jury under instructions to which no exceptions were taken. The issue on this question of comparative negligence is presented to this court by the refusal of the trial court to direct a verdict. The issue thus presented is whether the facts warrant the application of the comparative negligence statute. Should this court, as a matter of law, declare that the statute has no application to the present facts?

The statute was construed in the case of Freise v. Gulbrandson, 69 S. D. 179, 8 N. W.2d 438, 442, wherein it was held that the comparative negligence statute is limited in its application to cases in which the evidence warrants the inference that plaintiff was guilty of no more than slight contributory negligence. See also Kundert v. B. F.

Goodrich Co., supra. So the first question which is presented in this case, and in each case where the statute is involved, is whether the evidence is sufficient to permit the jury to infer or draw as a logical conclusion from the facts that plaintiff was guilty of no more than slight negligence. Obviously, this statute is difficult to apply to a state of facts for the reason, as stated in the Freise-Gulbrandson case, "* * * The uncertainty in this legislative concept is intrinsic. * * *" In the Gulbrandson case we held that it was more than slight negligence for plaintiff to barge into a zone of danger at thirty to forty miles per hour with his view obstructed. In the case of Kundert v. B. F. Goodrich Co., supra, we held that it was more than slight negligence for a motorist driving on a stop street to fail effectively to stop and look before entering an intersection and adapt his movements to accord with his own safety. Because of the uncertainty intrinsic in this statute it is apparent that each case must be determined upon the facts presented. There is no exact rule or standard that can be fixed for its application. We have read a number of cases from Nebraska, from whence our statute came, and are unable to determine any fixed rule or standard which accounts for the results reached in the several cases. In addition to the cases cited in Friese v. Gulbrandson see the following Nebraska cases: Mitchell et al. v. Missouri Pac. R. Corporation in Nebraska, 114 Neb. 72, 206 N. W. 12; Mundt v. Chicago, R. I. & P. R. Co. et al., 136 Neb. 478, 286 N. W. 691; Whittaker v. Hanifin et al., 138 Neb. 18, 291 N. W. 723; Stocker v. Roach, 140 Neb. 561, 300 N. W. 627; Chana v. Mannlein, 141 Neb. 312, 3 N. W.2d 572; Jones v. Union Pac. R. Co., et al., 141 Neb. 112, 4 N. W.2d 875; Anderbery v. Katz, 142 Neb. 872, 8 N. W.2d 207; Chew v. Coffin et al., 144 Neb. 170, 12 N. W.2d 839; Herman v. Firestine, 146 Neb. 730, 21 N. W.2d 444; Hammond v. Morris, 147 Neb. 600, 24 N. W.2d 633; Thomison v. Buehler et al., 147 Neb. 811, 25 N. W.2d 391; Spaulding v. Howard, 148 Neb. 496, 27 N. W.2d 832; Roger Wurmser, Inc., v. Interstate Hotel Co. of Nebraska, 148 Neb. 660, 28 N. W.2d 405; Pierson v. Jensen et al., 148 Neb. 849, 29 N. W.2d 625; Thomas v. Poulson et al., 149 Neb. 44, 30 N. W.2d 59; Dickman v. Hackney

et al., 149 Neb. 367, 31 N. W.2d 232; Roby v. Auker, 149 Neb. 734, 32 N. W.2d 491; Pierson v. Jensen et al., 150 Neb. 86, 33 N. W.2d 462. It might be that in Nebraska certain types of conduct have acquired a status of being more than slight negligence, but the holdings giving the conduct such a status are not based upon any exact rule. The result seems to depend upon the composite judgment of the members of the court as to whether reasonable men might differ upon the question of whether plaintiff's acts constitute negligence more than slight. Courts must of necessity revert to using as the standard the fiction of the reasonable mind and the reasonable man. So far as here applicable the rule is stated thus: Where reasonable minds might draw different inferences or conclusions from facts proved the matter in issue must be submitted to the jury, but where undisputed facts are of such a nature that reasonable men could not differ as to whether exhibited conduct conforms to established conduct, the question is one of law for the court. Kundert v. B. F. Goodrich Co., supra.

In this case the plaintiff was in the process of violating a statute and this violation was a contributing cause of the collision, however, the facts disclose that plaintiff was traveling only two or three miles per hour; he had looked to the south before looking to the rear and observed no car which indicated any interference with his turn; he held his door open and was clearly indicating his action; he was but a foot or two over the center line when he looked again to the south but too late to avoid the collision as defendant's car was then upon him. It therefore appears that although plaintiff was negligent he was nevertheless taking certain precautions for his own safety and the safety of others. While we might facetiously characterize this conduct as being negligent carefully, however, we hold to the opinion that this conduct did minimize the negligence to the extent that we are unable to say as a matter of law that reasonable men might not differ upon the question of whether plaintiff's negligence was more than slight.

We come to the second requirement of the statute which is that defendant's negligence must be gross in comparison

to the slight negligence of the plaintiff. The reference to gross negligence in the statute has no significance except in making the comparison between plaintiff's negligence, which the jury must find to be no more than slight, and the negligence of the defendant, which must be great or gross in comparison. Such is the clear language of the statute and the import of the cases decided thereunder. It is our opinion that the facts warrant the conclusion of the jury that defendant's negligence was gross in comparison with the negligence of plaintiff. Defendant was driving thirty miles per hour on a heavily traveled street, he was not looking, he had the entire east one-half of the street except the foot or two occupied by plaintiff's vehicle, upon which to drive and avoid the collision. Under the facts as presented by plaintiff it was within the province of the jury to find that it was defendant who was barging along at an excessive rate of speed without looking and apparently unconcerned with the consequences of his acts. We hold that the statute, Ch. 160, Laws of 1941, is applicable to the present facts and gives effect to the verdict of the jury.

The judgment appealed from is affirmed.

ROBERTS, J., concurs.

SICKEL, J., concurs specially.

SMITH, P. J. (dissenting). I concur in the construction of Ch. 160, Laws of 1941, but dissent from the application thereof to the facts.

HAYES, J., concurs with SMITH, P. J.

SICKEL, J. (concurring specially). There is no doubt in my mind that the comparative negligence law is applicable to the facts in this case and that the judgment of the Circuit Court should be affirmed. However, the opinion declares that "So the first question which is presented in this case, and in each case where the statute is involved, is whether the evidence is sufficient to permit the jury to infer or draw as a logical conclusion from the facts that plaintiff was guilty of no more than slight negligence". Also "The reference to gross negligence in the statute has no significance except in making the comparison between plaintiff's negligence, which must be no more than slight,

and the negligence of the defendant, which must be great or gross in comparison." These declarations of principle follow the rule announced in Friese v. Gulbrandson, 69 S. D. 179, 8 N. W.2d 438 and Kundert v. B. F. Goodrich Company, 70 S. D. 464, 18 N. W.2d 786. The above rule permits comparison between the negligence of plaintiff and defendant in deciding whether the negligence of defendant was gross or less than gross, but permits no comparison between the negligence of plaintiff and defendant in determining whether plaintiff's negligence was slight or more than slight.

The language of the statute was taken from the laws of Nebraska, and in the enactment of the statute here it is presumed that we also adopted the construction which the Supreme Court of Nebraska had previously placed upon it. Woodbine Savings Bank v. Yager, 61 S. D. 1, 245 N. W. 917. In the case of Disher v. Chicago, R. I. & P. R. Co., 93 Neb. 224, 140 N. W. 135, 137, the Supreme Court of Nebraska said: "But if his (plaintiff's) negligence is slight as compared with that of the defendant, whose negligence is gross, he may recover, and the comparison must be made by the jury." The court in that case held that the above rule does not affect the judicial power to determine the legal sufficiency of the evidence on any question.

Another leading case in Nebraska is Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158. There the court said: "If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, then the contributory negligence of plaintiff, however slight, will defeat a recovery."

Another Nebraska case is Day v. Metropolitan Utilities Dist., 115 Neb. 711, 214 N. W. 647, 650, 216 N. W. 556. There it was said: "If the negligence of defendant was gross and that of plaintiff slight in comparison therewith, he may recover, but the amount of his recovery would be diminished in proportion to the amount of contributory negligence attributable to him."

Roby v. Auker, 149 Neb. 734, 32 N. W.2d 491, 494, was decided by the Supreme Court of Nebraska in 1946. It was held that negligence under the comparative negligence statute "is essentially relative and comparative, depending on the surrounding facts and circumstances."

As I understand the language of the statute and the Nebraska decisions on the subject, negligence of plaintiff and defendant shall be compared for the purpose of deciding whether plaintiff's negligence is slight or more than slight, as well as on the issue of whether defendant's negligence is gross or less than gross.

It is true that degrees of negligence cannot be distinguished by definition so as to make a classification practical, and that attempts to do so lead to confusion and uncertainty. It is for this reason that this court has always refused to recognize degrees of negligence as known to the common law. However, this statute introduces the element of comparison, unknown to the common law, under which a relative degree of responsibility is to be submitted to the jury. In my opinion juries are capable of deciding whether the blame for injury rests upon one party more than upon another.