FLANAGAN, Respondent, v. SLATTERY, Appellant

(49 N. W.2d 27)

(File No. 9178. Opinion filed August 21, 1951)

**Bailey, Voorhees, Woods & Fuller** and **J. B. Shultz,** all of Sioux Falls, for Defendant and Appellant.

**Danforth, Bleeker & Carlson,** Mitchell, for Plaintiff and Respondent.

ROBERTS, J.   Plaintiff brought this action to recover for damages to his tractor as the result of a collision between the tractor and an automobile owned and driven by defendant Thomas Slattery.   Defendant counterclaimed for personal injury and property damage.   On trial to a jury, plaintiff had a verdict of $875 upon which judgment was entered.   Defendant appeals claiming that the evidence established that the operator of the tractor was guilty of contributory negligence as a matter of law and that such negligence was imputable to plaintiff.

It appears from the record that U. S. Highway 16, extending north and south, intersects at right angles a township highway at the northwest corner of the city of Alexandria, South Dakota.   A driveway leading from plaintiff's premises enters highway 16 about 108 feet north of the center line of the intersection.   There is also a driveway west of the intersection which connects plaintiff's premises with the township highway.   The arterial highway runs south along the city limits approximately 1500 feet and then turns to the southeast through the city.   There is a complete and unobstructed view between the scene of the

accident and the turn. The accident involved herein happened December 14, 1949, at about 12 o'clock noon, when it was clear and the visibility good. Defendant was driving his automobile in a northerly direction on the arterial highway and the tractor driven by plaintiff's wife was proceeding in the same direction. When defendant turned out to pass, Mrs. Flanagan turned left to enter the driveway and a collision took place. The front wheels of the tractor at the time of the impact were on the west edge of the concrete.

Plaintiff alleged that the accident was caused by the negligence of the defendant in (1) that he was driving his automobile at an excessive rate of speed, (2) that he failed to sound any signal or warning of his approach, and (3) that he failed to have his automobile under proper control.

Defendant by answer declared that the accident was caused by the negligence of the operator of the tractor in (1) that she failed to keep a proper lookout for the safety of other users of the highway, (2) that she failed to have the tractor under proper control, (3) that she failed to stay on the right or east side of the highway and (4) that she failed to signal an intention to turn to the left with the result that her carelessness and negligence was the proximate cause of the accident.

In determining whether or not the evidence on behalf of the plaintiff was sufficient to warrant submission to the jury, plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of all reasonable inferences that can be deducted from the facts in evidence. The test is whether there is any substantial credible evidence viewed in the light most favorable to plaintiff which tends to sustain the verdict. Hansen v. Isaak, 70 S. D. 529, 19 N.W.2d 521; Will v. Marquette, 73 S. D. 192, 40 N.W.2d 396.

Under the comparative negligence statute, Chapter 160, Laws 1941, where an action is brought to recover damages for injuries to a person or to his property caused by the negligence of another plaintiff may, if he was guilty of negligence, recover if his negligence was slight and the negligence of the defendant was gross in comparison. Where

the evidence in relation to negligence and contributory negligence is such that reasonable minds might differ as to the existence of slight negligence on the one hand and gross negligence on the other, the question of comparison is for the jury. If, however, the facts are not in dispute or of such a nature that reasonable men could not differ, the standards of conduct are for the court to determine, and not for the jury. Kundert v. B. F. Goodrich Co., 70 S. D. 464, 18 N. W. 2d 786. This court has often pointed out that if the evidence is such that it may be said as a matter of law that plaintiff was guilty of contributory negligence more than slight and such negligence is the proximate cause of the accident then the trial court should direct a verdict for the defendant. Friese v. Gulbrandson, 69 S. D. 179, 8 N.W.2d 438; Roberts v. Brown, 72 S. D. 479, 36 N.W.2d 665; Will v. Marquette, 73 S. D. 192, 40 N.W.2d 396.

According to defendant's version, when he was about three blocks away he saw the tractor proceeding ahead of him on the right or east side of the highway. He testified that at the intersection Mrs. Flanagan turned the tractor two or three feet across the center line of the highway apparently intending to drive west on the township highway; that when the tractor was driven back to the right or east side of the arterial highway defendant turned out to pass; that Mrs. Flanagan then turned abruptly to the left to enter the driveway without giving any signal of her intention to do so; that he had no opportunity to sound his horn; and that he was unable to avoid a collision.

Mrs. Flanagan denied that she drove the tractor across the center line of the highway at the intersection or intended to turn westward on the township highway and to enter the driveway west of the intersection, and, when asked concerning the movements of the tractor north of the intersection testified: "Yes. I got halfway between this intersection and my driveway and released or pulled back on the gas lever and slowed down and crept along the black line for about thirty feet. At this time I turned around, looked over my shoulder and there was no traffic in the west lane and as far back as I knew I had clearance to make it in my driveway. I crept along this black line on the east side

about half way to about 30 feet before my driveway, where I turned into the west lane and gradually made my turn into my driveway." She also testified that when she was about 30 feet south of the driveway she angled westward across the center line of the highway and that when she was about to cross the line she looked to the rear, but did not see defendant's car approaching.

The sheriff of Hanson county testified that he arrived at the scene of the accident shortly after the collision. He observed from tracks on the highway that defendant's automoblie started across the center line of the highway about 100 feet south of the point of impact and there were skid marks 30 feet from such point. He testified that defendant admitted that he was driving 50 to 55 miles per hour. The testimony of this witness shows that defendant's automobile after the collision was in the west ditch north of the driveway and that the tractor was about 90 feet north of the point of impact. The left wheel of the tractor and parts of the drive gear and axle housing were strewn on the pavement.

The appurtenant portions of SDC 44.0317, as amended by Ch. 166, Laws 1949, and SDC 44.0312 read:

"44.0317 Signals on starting, stopping, or turning. The driver of any vehicle upon a highway before starting, stopping, or turning from a direct line shall first see that such movement can be made in safety * * * and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section plainly visible to the driver of such other vericle of the intention to make such movement.

"The signal herein required shall be given either by means of the hand and arm in the manner herein specified, or by an approved mechanical or electrical signal device * * *."

"44.0312 Overtaking a vehicle. The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof * * *.

"The driver of an overtaking motor vehicle not within a business or residence district shall give audible warning

with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction."

■ Appyling these statutory requirement, the court instructed the jury that the evidence revealed that Mrs. Flanagan was negligent in that she failed to keep a proper lookout for her own safety and that of others using the highway and in failing to signal an intention on her part to turn to the left and that defendant was negligent in that he failed to sound his horn as a warning of his intention to pass the tractor. This conclusively appears from the evidence and apart from statute their comparative negligence would be of no importance. If the act, or a failure to observe a duty to act, of a plaintiff or that of someone whose negligence is attributable to him contributed in any way or degree directly to an injury, there can under well recognized common law principle be no recovery. However, as we have heretofore indicated, by virtue of the so-called comparative negligence statute, a plaintiff may prevail if his negligence is slight and that of the defendant is gross in comparison.

■ It was unquestionably the duty of Mrs. Flanagan before undertaking to turn into the driveway to make observation for the purpose of determining that the movement could be made in safety and also to give timely signal of her intention to turn to the left. It was her duty in other words to comply with the statutory requirements as stated by the court in his charge to the jury. If she did not see defendant's automobile which was there plainly to be seen, she was bound nevertheless to the same extent as though she had seen it. Descombaz v. Klock, 58 S. D. 173, 235 N.W. 502. It should have been apparent to her that motor vehicles coming up from the rear on the arterial highway must always be anticipated and that a left turn without precaution might create a condition dangerous to travelers and herself. As the court said in Petersen v. Schneider, 153 Neb. 815, 46 N. W.2d 355, 358, a case involving a situation where defendant driver turned left across an arterial highway into a driveway between intersections without looking to the rear within 200 feet before turning: "The most dangerous movement on public streets or highways is the left-hand turn. While the left-hand turn at intersections is within the pur-

view of this statement, the left-hand turn across a favored public highway between intersections is a particularly dangerous one. * * * In the case before us the defendant, when some 500 feet from the private drive, saw the plaintiff's car through the rear vision mirror, coming about one-half mile behind him. He therefore knew that plaintiff's automobile was coming along behind him. He did not look to the rear within 200 feet before turning, according to his own testimony, either through his rear vision mirror or otherwise. He drove to the point of the accident and, without looking at all for plaintiff's car or other traffic, turned his car onto the north side of the highway and into the car of the plaintiff. This is negligence as a matter of law and indicates a reckless disregard for his own safety and for that of others lawfully using the highway." The court further concluded that the factual situation required applicaton of the rule: "Where the driver of a vehicle turning across a street or highway between intersections fails to look at all at a time and place where to look would be effective, or looks and negligently fails to see that which is plainly in sight, or is in a position where he cannot see, a question for the court is usually presented."

In Young v. Cerrato, 2 Cal.App.2d 421, 37 P.2d 1063, 1064, a case involving an accident which happened when defendant driver was turning left to enter a driveway, the court said: "Some states hold the driver of an automobile can be held responsible only for what occurs in front of him, but an examination of section 130 (a) of the California Vehicle Act, cited above, clearly places a duty upon the driver who contemplates turning upon the highway to first ascertain if such movement can be safely made, with reference to both front and rear, and, if not, to wait until it can be made in safety, and then shall indicate by a signal his intention so to do. * * * One driving in the rear of another car has the right to assume that a motorist will obey the law of the road and is not bound to anticipate that a car will leave its proper side and cross the highway, at least where there is no intersection of public highways, and nothing to lead one in the exercise of reasonable care to foresee such action."

While the facts differ in every case, the element of failure to maintain a proper lookout has been often considered by this court and the views expressed are in accord with the above decisions. A few of the many cases are Taecker v. Pickus, 58 S. D. 177, 235 N.W. 504; Jamieson v. Gerth, 61 S. D. 514, 249 N.W. 921; Anderson v. Huntwork, 66 S. D. 411, 284 N. W. 775; McKiver v. Theo. Hamm Brewing Co., 67 S. D. 613, 297 N.W. 445; Stacey v. Patzloff, 67 S. D. 503, 295 N. W. 287; Robertson v. Hennrich, 72 S. D. 37, 29 N.W.2d 329.

Plaintiff cites and relies upon the case of Roberts v. Brown, supra, but in that case, as this court pointed out, the driver looked to both front and rear, held the left door open to signal a turn and was over the center line only a foot or two at the time of the collision. That case is not here in point. There was evidence that the plaintiff therein anticipating danger exercised some degree of care. Negligence was there involved on the part of the plaintiff, but it was not of such a nature in view of the comparative negligence statute as to defeat the action.

■■ . The question of imputed negligence then arises. The tractor owned by plaintiff was frequently used by members of the family as a means of transportation. The family purpose doctrine has no application since it is not recognized in this state. Behseleck v. Andrus, 60 S. D. 204, 244 N.W. 268, 88 A.L.R. 596. The ordinary rules as to agency apply. The undisputed evidence shows that the tractor was owned by plaintiff and that he permitted his wife to drive it to Alexandria to shop. She purchased groceries and obtained from a locker plant meat for the use of the family and attended to other incidental errands. We think that Mrs. Flanagan was in the prosecution of her husband's business. The denial of motion for directed verdict cannot be sustained on the ground that Mrs. Flanagan was not acting as the agent of the plaintiff at the time of the accident.

■ We conclude that the trial court erred in submitting the case to the jury. The wife's negligence was more than slight and, under the facts shown, precludes a a recovery on the part of the plaintiff as a matter of law. The judgment is reversed and the cause remanded with directions to dismiss the complaint.

KNIGHT, Circuit Judge, sitting for LEEDOM, J., disqualified.

SMITH, J., and KNIGHT, Circuit Judge, concur.

RUDOLPH, P. J., and SICKEL, J., dissent.

RUDOLPH, P. J. (dissenting). The reasons that supported the affirmance of the judgment in Roberts v. Brown, 72 S. D. 479, 36 N.W.2d 665, compel me to disagree with the majority in this case. The plaintiff testified: "I got halfway between this intersection and my driveway and released or pulled back on the gas lever and slowed down and crept along the black line for about thirty feet. At this time I turned around looked over my shoulder and there was no traffic in the west lane and as far back as I knew I had clearance to make it in my driveway. I crept along this black line on the east side about halfway to about 30 feet before my driveway, where I turned into the west lane and gradually made my turn into my driveway." The collision occurred at the driveway. It is my view that reasonable men might differ upon the question of whether plaintiff's acts as above described constitute negligence more than slight.

The comparative negligence law enacted in 1941, Ch. 160, Laws of 1941, requires juries not only to compare negligence but the statute, having no application unless plaintiff is guilty of no more than slight negligence, has introduced into our law the idea that negligence can exist in degrees. After ten years of attempting to apply this law, it becomes evident, I believe, that negligence which is essentially the failure to observe a standard of conduct, cannot satisfactorily be separated into degrees. So long as the present law remains upon the books the courts, no doubt, will make an honest effort to give it effect, but the law, combining as it does two doctrines, i. e., comparative negligence and degrees of negligence, both of which are difficult of application, can achieve no satisfactory results. It would seem that if we are to have a comparative negligence law a more practicable law could be enacted. See the October 1940 issue of the South Dakota Bar Journal, page 200.

SICKEL, J., concurs in the above.