## BRIGHT v. ECKER *et al.*

1. Where parties have been cited to appear before the county court for examination touching an administrator's complaint that they have converted the assets of his intestate's estate, the court's citation and order directing them to deliver the assets to the administrator are made *prima facie* evidence, by Comp. Laws, Sec. 5776, of the administrator's right to recover the property, and hence are competent evidence to charge defendants in a subsequent action by the administrator for the value of the assets.

2. Though a complaint contain redundant matter and allegations relating to more than one cause of action, where no attack was made on it in the court below, the appellate court will sustain the pleading if sufficient facts can be found to constitute any cause of action.

3. Where an administrator sues in behalf of creditors to recover a gift made by his intestate in view of death, it sufficiently appears that there are creditors interested in having the property recovered where it is alleged that there are outstanding and unpaid claims, which have been duly presented, allowed by the administrator, and approved by the county judge, and that there is no property other than that in possession of defendants out of which they can be satisfied.

4. Under Comp. Laws, Sec. 5795, which provides that claims against an estate "allowed by the executor or administrator, and approved by the judge," etc, shall be filed in the county court, the appropriate phrase, in an action to recover assets, to show that there are acknowledged debts against an estate, is that the claims have been "approved" by the county judge.

5. Where the appeal is only from an order denying a motion for a new trial on finding for appellant, the cause will be reversed, and not be remanded with directions to enter judgment for appellant.

(Opinion filed Aug, 19, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by H. C. Bright, administrator of the estate of Jerry Law, deceased, against O. Ecker and Susie Law, to recover assets claimed to belong to his intestate's estate. The court directed a verdict for defendants. From an order denying his motion for a new trial, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

*R. W. Hobart* and *Aikens, Bailey & Vorhees*, for respondents.

HANEY, J. At the close of plaintiff's testimony, the court, on defendant's motion, no grounds therefor being stated, directed a verdict in their favor. Plaintiff appeals from an order denying his motion for a new trial. The facts alleged in the complaint are substantially as follows: Jerry Law, a resident and citizen of Minnehaha county, died, intestate, therein October 14, 1891. Plaintiff was duly appointed administrator of his estate by the county court of that county, June 30, 1893, and qualified and entered upon the discharge of his duties. During his last illness, in view of and immediately prior to death, the intestate, at the request of defendant Ecker, gave defendant Law property of the value of $5,000, the exact description of which is unknown to plaintiff, and thereby attempted to transfer and convey such property to her. There are now outstanding and unpaid a large amount of claims against said estate, which claims have been duly presented to this administrator for allowance, and have by him been allowed, in the sum of about $800, which claims so allowed have been approved by the judge of said county court, and are now unpaid, together with the costs of administration, for the reason that decedent had no property other than that mentioned herein out of which the same could be satisfied. A large amount of such property consisted of farm machinery and a warehouse, at the time of said purported

gift in the possession and control of decedent, and the same was not accompanied by any immediate delivery, or followed by actual and continued change of possession, but remained in possession of decedent until after his death. After the death of the intestate, and before the granting of letters of administration to plaintiff, defendants embezzled and alienated moneys, goods and chattels, and effects of the decedent of the value of $5,000. Thereafter, and after his appointment, plaintiff complained to said county court, on oath, that defendants were suspected of having concealed, embezzled, conveyed away, and disposed of the moneys, goods and chattels of decedent, and had in their possession deeds, conveyances, bonds, contracts and other writings, which contain evidence of, or tend to disclose, the right, title, interest and claim of decedent to real and personal estate; and the judge of said court thereupon cited defendants to appear and answer on oath upon the matters of said complaint. Pursuant to such citation, defendants appeared, were examined, and upon such examination it appearing that they had concealed, conveyed away, and disposed of moneys, goods and chattels of decedent, the court made an order requiring them to disclose their knowledge thereof to plaintiff, and to pay over to plaintiff, as administrator, the value of the property so disposed of in the sum of $5,000. Plaintiff has demanded possession of said property, but his demand has been refused, and defendants have failed and neglected to comply in any manner with the aforesaid order of the county court.

Plaintiff offered in evidence his own affidavit, with the citation issued by the county judge requiring defendants to appear and be examined, and the order of the county court made on such hearing, to which offers defendants objected, and the court sustained the objection. This was error: (1) Because no ground of objection were alleged; (2) because the order of the county court upon such examination was *prima facie* evidence of plaintiff's right to recover. Comp. Laws, § 5776.

Counsel for respondents practically concede the correctness of this view, but contend that the complaint does not contain facts sufficient to constitute a cause of action, attacking it for the first time in this court. Doubtless it does contain redundant matter, and perhaps allegations relating to more than one cause of action; but plaintiff was not required to elect upon which he would proceed, nor were any defects pointed out while he was in a position to amend. If sufficient facts can be found to constitute any cause of action, it will be the duty of this court to sustain the pleading. Defendants suggest that, if this is an action to recover a gift in view of death, the complaint should show that there are creditors interested in having the property recovered. Assuming, without deciding, that the position is well taken, we think the complaint sufficient in this respect. It alleges there are outstanding and unpaid claims which have been duly presented, allowed by the administrator, and approved by the county judge, to the amount of $800, and that there is no property other than that in possession of defendants out of which they can be satisfied. The particular defect to which plaintiffs attention is called for the first time in this court consists in the use of the phrase "approved" by the county judge, in place of "allowed" by him. The statute provides that, if the administrator allow a claim "it must be presented to the judge for his approval, who must  \*  \*  \*  indorse upon it his allowance or rejection." Comp. Laws, § 5794. "Every claim allowed by the executor or administrator, and approved by the judge, or copy thereof, as hereinafter provided, must, within thirty days thereafter, be filed in the county court, and be ranked among the acknowledged debts of the estate to be paid in due course of administration." Id. § 5795. In order to show there were acknowledged debts against the estate, we think the pleader employed an appropriate term —the language of the statute itself—to express the result reached by the action of the county judge; a term which includes not only the ministerial act of writing an en-

dorsement upon the claim, but also the substantial judicial action of the judge in considering and approving it as a valid debt against the estate. Claims are presented to him for approval. When approved they became acknowledged debts. Plaintiff alleges there are unpaid approved claims, the condition defendants contend should exist to entitle the administrator to be heard on behalf of creditors. Considered as an action to recover property embezzled or alienated before the granting of letters testamentary, the complaint contains sufficient facts to negative an inference that letters may have been issued before they were to plaintiff. We think the complaint states a cause of action.

Counsel for respondents argue that sufficient evidence was neither offered nor received to sustain a verdict for plaintiff, and therefore there was no error in directing a verdict for defendants. The statute previously cited makes the order of the county court the appropriate evidence in an action to recover property embezzled or alienated before the granting of letters testamentary. Its introduction establishes the cause of action, and, until the presumption given it by the statute is overcome by other evidence, the administrator is entitled to recover. As before stated, plaintiff was not required to elect upon which cause of action he would proceed. He was entitled to recover upon any he could prove, within the allegations of his complaint liberally construed, and, having offered sufficient evidence to recover upon one theory of his complaint, it was error to direct a verdict for defendants.

Appellant contends that the cause should be remanded, with directions to enter judgment for plaintiff. This is not tenable. He appealed from an order denying a motion for a new trial. When that order is reversed, he will secure what he asked for and was refused below. The order of the circuit court is reversed, and a new trial ordered.