## BRIGHT v. ECKER *et al.*

1. The sustaining of a general objection by a defendant to the admission of the record of a court, which is made by statute *prima facie* evidence of plaintiff's right of action, constitutes reversible error where the defendant's argument on appeal discloses that the real objection relied on is that proper foundation for the introduction of the record had not been laid—an objection which might have been obviated had it been specifically stated.

2. Comp. Laws, Sec. 5776, making an order of a county court, entered after a citation, requiring a person to deliver assets of the estate of an intestate to his administrator, *prima facie* evidence of the right of the administrator to recover such assets, contemplates a reasonable and proper method of exercising powers usually conferred on probate courts and is constitutional and valid.

(Opinion filed Jan. 4, 1897.)

The judgment in this case was reversed at the present term, the opinion being reported in 9 S. D. 192, 68 N. W. 326. Respondents now petition for a rehearing, which is in this opinion denied.

*Joe Kirby*, for appellant.

*R. W. Hobart* and *Aikens, Bailey & Voorhees*, for respondents.

HANEY, J.   Respondents contend in their petition for re-hearing that this court should not have said the trial court erred (1) "because no grounds of objection were alleged; (2) because the order of the county court upon such examination was *prima facie* evidence of plaintiff's right to recover (Comp. Laws, Sec. 5776)"; that the point was not raised by appellant and that counsel for respondents did not practically concede the correctness of such conclusion.   Our former opinion is reported in 68 N. W. 326.   They also contend that the law making such order *prima facie* evidence was unconstitutional when enacted.   Certainly, the learned council have inadvertently disregarded the following forcible, if not elegant, language contained in appellant's original brief:   "To this [the record of the county court] defendants objected.   The Lord only knows for what reason; we don't."   And they seem to have overlooked the following, found in their own original brief:   "It may be further urged that under the provisions of Sec. 5776, Comp. Laws, the order of the county court offered in evidence in this case would be *prima facie* evidence of the right of the plaintiff to such property.   Undoubtedly this would be true if sufficient had been produced or offered in evidence as a foundation for its reception, but the court must bear in mind that in this case the defendant Law occupied the same position as a sole legatee, and, before this plaintiff would be entitled to maintain this action, it would be necessary to show that it was prosecuted for the benefit of creditors, and that there was not sufficient property in his hands as administrator to pay their claims. * * * We seriously contend in this case that the judgment of the lower court should remain undisturbed:   (1) Because the complaint does not state facts sufficient to constitute a cause of action; (2) because the evidence introduced and the

evidence offered is insufficient to sustain a verdict for the plaintiff." Thus, it appears that consideration was given every contention made by respondents, and no points were passed upon to which our attention was not called by counsel for appellant. The validity of the statute making the record of the county court *prima facie* evidence was not called in question.

The reason of the rule requiring specific objections is two fold: (1) To enable the trial judge to understand the precise question upon which he has to rule, and to relieve him from the burden of searching for objections which counsel is unable to discover, or which he sees fit to conceal; (2) to afford the opposite party an opportunity to obviate it before the close of the trial, if well taken. It is therefore a part of the rule that the party objecting to testimony will not be permitted to change his ground on appeal. 1 Thomp. Trial, 561. "There are numerous authorties and adjudications in support of the natural, common-sense proposition that a general objection raises no issue, except it is as to whether the evidence would, under any circumstances or for any purpose, be admitted; and that a specific objection raises no other issue than the particular one tendered. They are also in support of the proposition that, if a judge overrule a general objection, he must be sustained, unless it clearly appears that under no possible circumstances in the case would the evidence come in, and that, if he sustain a general objection, he must be reversed if it is possible that, under any view of the case, the evidence might be admitted; that if he overrule a special objection, he must be sustained if the particular objection is bad, no matter how many good objections might have been offered; but, if he sustain a special objection, he must be reversed if the special objection urged is not good, notwithstanding there may be other objections, which, had they been urged, would have sustained his rulings. The policy of the law is evidently to admit evidence unless a good objection to it is clearly shown." Id. 565; Rush v. French, 1 Ariz, 99, 25 Pac. 816; Mining Co. v. Noonan, 3 Dak.

189, 14 N. W. 426.    Construed in connection with the facts, our former decision was within the rule announced by Mr. Thompson, and we have no doubt as to its correctness.    In view of the admission in respondent's brief regarding the county court record, we were justified in the inference that they considered it should have been rejected, because it had not been shown that the action was prosecuted for the benefit of creditors, and that there was not sufficient property in the hands of the administrator to pay their claims.    If such was the reason which moved the mind of the trial court to exclude the evidence, it was manifestly unjust to plaintiff not to notify him that he might have an opportunity to supply the defect, if any existed. So we said, in effect, that the court erred in excluding a record made *prima facie* evidence of plaintiff's cause of action, in response to a general objection.    Upon reflection we are convinced that the right conclusion was reached.    There may be exceptional cases where a trial court may with propriety reject evidence upon its own motion, or upon a general objection, but such cases are rare.    Rush v. French, *supra*; Road Co. v. Loomis, 32 N. Y. 127; Corning v. Corning, 6 N. Y. 97.    Usually it is the duty of the trial court to receive all evidence to which specific objections are not assigned.    The case at bar is clearly not one of the exceptions.

Without intending to sanction the practice of presenting questions by a petition for rehearing which should have been argued upon the appeal, we will notice the respondents' contention regarding the validity of the statute making the records of the county court *prima facie* evidence in certain cases (Comp. Laws, § 5776), as it may rise upon a retrial of this action.    Although there may have been no authority, under the organic act, to confer other than probate jurisdiction upon the probate court, and the proceeding under discussion may be analogous in some of its features to a common-law bill of discovery, we can discern no good reason for holding the statute invalid. No authorities have been cited by counsel or found by the court

in support of such a conclusion. Unless plainly and palpably in conflict with the organic law, the statute should be sustained. It is not in conflict with the state constitution. It contemplates a reasonable and proper method of exercising powers usually conferred upon probate courts. Defendants' contention is untenable. The petition is denied.