PACIFIC COAST CAPITAL CORPORATION v RESEARCH TO REALITY, INC.

1. BILLS AND NOTES—CONSIDERATION—ANTECEDENT OBLIGATION—STATUTES.

A note is not unenforceable for lack of consideration where, even though no money changed hands when the note was executed, the subject matter of the note is an antecedent obligation which was the subject of a prior note which was returned upon execution of the second note (MCLA 440.3408).

2. BILLS AND NOTES—DEFENSES—AFFIRMATIVE DEFENSES—OUTSIDE TRANSACTIONS—COUNTERCLAIMS.

Liability of a plaintiff to a defendant based upon facts outside the transaction represented by a note upon which the plaintiff has brought suit is a proper subject of a counterclaim but not of an affirmative defense.

3. ACTION—BILLS AND NOTES—JUDGMENT—DEFENSES—AFFIRMATIVE DEFENSES—OUTSIDE TRANSACTIONS—COUNTERCLAIMS.

A defendant may still have an action for losses upon proper pleadings and proof of damages, even after judgment for the plaintiff on a note where the allegations in defendant's pleadings attempting to show plaintiff's separate liability based upon facts outside the transaction represented by the note were treated by the trial court solely as a defense and not as a counterclaim, and where such liability of the plaintiff was the proper subject of a counterclaim (GCR 1963, 111.2, 111.7, 203.2).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 October 10, 1974, at Detroit. (Docket No. 15468.) Decided November 27, 1974.

Complaint by Pacific Coast Capital Corporation against Research To Reality, Inc. and John and

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur 2d, Bills and Notes §§ 227–229.
[2, 3] 12 Am Jur 2d, Bills and Notes §§ 1027, 1121 *et seq.*

Sue Brink to enforce a promissory note. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Ralph B. Guy, Jr.,* United States Attorney, and *Michael D. Gladstone,* Assistant United States Attorney, for plaintiff.

*Dahlberg, Mallender & Gawne* (by *David M. Gaskin),* for defendants.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. In the court below, plaintiff, Pacific Coast Capital Corporation, brought suit against individual defendants John and Sue Brink and corporate defendant Research To Reality, Inc. seeking to enforce a promissory note for $10,000 which plaintiff alleged to be in default. Defendants admitted execution and non-payment of the note, but sought to defend on the basis that the note lacked consideration and that plaintiff, by failing to advance additional funds which had been promised, had injured defendants in an amount greater than $10,000. The trial court, sitting without a jury, found that the note was supported by consideration and that plaintiff's failure to lend additional funds did not constitute an affirmative defense but could be the subject of a separate suit. Defendants appeal from the judgment against them.

The parties do not dispute the basic facts of the case. Originally, plaintiff agreed to lend the corporate defendant $60,000, with individual defendants as accommodation parties. Defendants executed a note for that amount, but they received only $10,-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

000 immediately and the remaining $50,000 was never advanced. When defendant John Brink became alarmed at having an outstanding note for $60,000 of which only $10,000 had been received, he requested a replacement note covering only the amount of actual indebtedness. Defendants then executed a note for $10,000 which became the subject matter of this suit, and plaintiff returned the original note.

On appeal, defendants reiterate their contention that the note was unenforceable because it lacked consideration. Defendants observe correctly that no money changed hands when the second note was executed. The statute which establishes the defense of lack of consideration for negotiable instruments states, however, that: " * * * no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind". MCLA 440.3408; MSA 19.3408. In this case, therefore, no consideration beyond the antecedent debt of $10,-000 was necessary to the enforceability of the note. Furthermore, even if additional consideration were necessary, we would find it in the return of the original note to defendant. *Steep v Harpham,* 241 Mich 652; 217 NW 787 (1928). Thus, we concur in the trial court's finding that the note was supported by adequate consideration.

Defendants also claim, however, that the trial court erred in disregarding their "affirmative defense" that plaintiff's failure to advance the remaining $50,000 had injured them in an amount exceeding $10,000. We agree with the trial court that defendants' allegations did not make out a defense to their obligation to repay the $10,000. Defendants did not negate the obligation to repay but, rather, attempted to show plaintiff's separate

liability to them for that amount based upon facts outside the transaction represented by the note. The plaintiff's liability was the proper subject of a counterclaim, but not of an affirmative defense. Thus the trial court was correct in disregarding the asserted defense and in rendering judgment for plaintiff. Because it appears that the trial court treated defendants' allegations solely as a defense and not as a counterclaim, defendants may still have an action for losses occasioned by plaintiff's failure to advance funds if they properly plead, and prove, damages in the future. GCR 1963, 111.2, 111.7, 203.2.

Affirmed. Costs to appellees.