STATE of South Dakota, Plaintiff and Appellee,

v.

Anthony WHITE MOUNTAIN, Defendant and Appellant.

No. 13894.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1983.

Decided April 27, 1983.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry Atty. Gen., Pierre, on brief.

George E. Grassby, Asst. Public Defender, Rapid City, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of conviction for aggravated assault, pursuant to SDCL 22–18–1.1(2).* We affirm.

In the early morning hours of July 1, 1981, Gerald Michael Rosen (Rosen) and his girl friend were walking to the home of a friend in Rapid City, South Dakota. Although there is some conflict in the record, the two were apparently approached by another individual and an argument ensued. Meanwhile, a second group of three people joined them.

Following the argument, the individual who had first joined Rosen and his girl friend left and returned soon after with a machete. The attacker raised the machete and Rosen, who saw the machete coming down on him, blocked it with his left forearm. There was apparently another blow inflicted and Rosen then escaped from his attacker by running down the street. After the bystanders struggled with him, the attacker dropped the weapon and escaped out of sight. As a result of the attack, Rosen received a long cut on the forearm which severed the nerves, muscles, and tendons, requiring surgery and a cast for recuperation.

Prior to the attack, the attacker introduced himself as "Tony" to Rosen and his girl friend. One of the other bystanders testified the attacker had introduced himself as Tony White Mountain (appellant). Both Rosen and his girl friend subsequently identified appellant in a photo lineup. One of the bystanders, although unable to select appellant from a photo lineup, did select him from a physical lineup at a later date.

A complaint and information alleging aggravated assault were filed against appellant and a jury trial ensued. At trial, appellant offered alibi witnesses who testified appellant was in Denver, Colorado, at the time of the attack. The jury evidently rejected this defense and found appellant guilty as charged. The trial court imposed a ten-year sentence. Appellant now appeals his conviction.

Appellant contends the trial court erred in failing to instruct the jury on certain points of law. Appellant contends the instructions should have been given on the following points of law: (1) an instruction providing the definition of "knowingly"; (2) an instruction dealing with diminished capacity due to intoxication; (3) an instruction defining "mistaken identity"; (4) an instruction stating the burden of proving identity must be based solely on eyewitness testimony; and (5) a cautionary instruction regarding a transcribed recording which was introduced as a state exhibit.

■ Counsel for appellant did not propose these instructions to the trial court, nor did he object to the instructions offered by the trial court. As we stated in *State v.*

---

* SDCL 22–18–1.1 provides, in pertinent part:

Any person who:

\* \* \* \* \* \*

(2) Attempts to cause, or knowingly causes, bodily injury to another with a dangerous weapon;

\* \* \* \* \* \*

is guilty of aggravated assault. Aggravated assault is a Class 4 felony.

*Halverson,* 87 S.D. 110, 112, 203 N.W.2d 421, 422 (1973):

> Where no exceptions or objections were made by the defendant to any instructions of the court and the defendant proposed no instructions, there is no question concerning the instructions before the Supreme Court on appeal.

Since appellant failed to object to the instructions offered below and also failed to propose the instructions he alleges were erroneously omitted, we must conclude appellant failed to preserve error for appeal. SDCL 15–6–51(b); *State v. Ellefson,* 287 N.W.2d 493 (S.D.1980).

Appellant asserts, nonetheless, that error is preserved because failure to so instruct was "plain error" within the purview of SDCL 23A–44–15 and *State v. Brammer,* 304 N.W.2d 111 (S.D.1981), and because the trial court has a "duty" to instruct the jury as to the law of the case. SDCL 23A–25–2 and SDCL 23A–25–3.

Since the adoption of the plain error rule in *Brammer, supra,* we have noted that its application is limited. We recently stated in *State v. Gallegos,* 316 N.W.2d 634, 637 (S.D.1982), that: "We apply the plain error rule cautiously and only in exceptional circumstances." We do not believe the circumstances set forth by appellant in this case rise to the level of plain error. Counsel had ample opportunity to object to the proffered instructions. Moreover, our review of the instructions offered convinces us that when read as a whole they correctly state the law, inform the jury, and do not prejudice the appellant.

As to the trial court's "duty" to properly instruct the jury, we note the statutory standard in SDCL 23A–25–3 requires: "In charging jurors, a court must state to them all matters of law which it deems necessary for their information in giving their verdict." We believe the instructions offered fulfill this statutory requirement and, when read as a whole, correctly state the law and inform the jury. *State v. Gallegos, supra; State v. Fox,* 313 N.W.2d 38 (S.D.1981).

■ Appellant next contends the identification procedure used by the police was so "unnecessarily suggestive" as to be a denial of appellant's right to due process of law. Here, one of the bystanders could not identify appellant in a photo lineup. This bystander was the same individual who testified that appellant had introduced himself as Tony White Mountain. Prior to trial, however, the bystander was able to identify appellant in a physical lineup. Appellant asserts the time lapse and discrepancies in age, height, weight, and facial features seriously weakened the objectivity and fairness of the physical lineup.

The lineup was hardly a model of police efficiency. The lineup took place nearly a year after the incident, it included one individual known to the witness, and it allegedly included individuals with widely varying physical features. Even the policeman who prepared the lineup indicated the lineup was "not as good as I would have liked to have had." All these problems aside, however, the State properly notes that even without this identification, several other people identified appellant to be the individual who attacked Rosen on July 1, 1981. We agree with the State's position that the present situation is akin to that in *State v. Shell,* 301 N.W.2d 669 (S.D.1981). There, we concluded the admission of testimony concerning an identification of Iron Shell's brother which stemmed from a tainted out-of-court identification procedure was not reversible error since the testimony was, at most, merely cumulative in its effect. We believe a similar situation exists here and conclude reversal is not required since the witnesses' identification testimony was at worst cumulative and thus harmless.

■ Finally, appellant asserts the evidence presented during trial was insufficient to convict him. We recently stated:

> In reviewing a conviction on appeal, this court accepts that evidence [presented at trial] and the most favorable inference that can be fairly drawn therefrom which will support the verdict. The basic question is whether or not there is evidence in the record which, if believed by the jury,

is sufficient to sustain a finding of guilt beyond a reasonable doubt.

*State v. Phipps,* 318 N.W.2d 128, 132 (S.D. 1982) (citations omitted).

A number of people were present when the attack on Rosen took place. Besides the victim, two people testified that the assailant had introduced himself as "Tony" or Tony White Mountain. Even rejecting the physical lineup evidence, two witnesses identified appellant as the person who perpetrated the attack. While an alibi defense was offered, the jury was not convinced and concluded the evidence offered warranted conviction. Our review of the record convinces us there is ample evidence to sustain a conviction of aggravated assault.

The judgment of conviction is affirmed.

All the Justices concur.

