Melfred CARLSON, Kay Carlson and Agnes Carlson, Plaintiffs and Appellees,

v.

FIRST NATIONAL BANK, HETTINGER, NORTH DAKOTA, a Banking Corporation, Defendant and Appellant,

and

Arneil Erlenbusch, Defendant.

Nos. 15665, 15693.

Supreme Court of South Dakota.

Considered on Briefs Feb. 19, 1988.

Decided Sept. 21, 1988.

Charles Wolsky, Vermillion, Dale Morman of Smit, Shepard, Hughes & Wolsky, Sturgis, for plaintiffs and appellees.

Curtis W. Hanks, Lemmon, for defendant and appellant.

Ronald W. Banks and Jerry D. Johnson, Rapid City, for defendant.

BERNDT, Circuit Judge.

Melfred and Kay Carlson (Carlsons) ranched in the Harding County, South Dakota area for many years and had numerous business dealings with First National Bank, Hettinger, North Dakota (Bank) throughout the years. A majority of their ranch financing was negotiated and recommended by Arneil Erlenbusch (Erlenbusch), an experienced Bank officer.

Carlsons had a debt of approximately $200,000 with Bank when they purchased the family ranch owned by Melfred's mother, Agnes Carlson (Agnes). Agnes is also a party to this lawsuit. On the recommendation of Erlenbusch, Carlsons secured a Federal Land Bank loan to reduce their debt with Bank. Carlsons allege that Erlenbusch assured them that if they received the Federal Land Bank loan, Bank would loan them sufficient operating loans for a number of years to make the ranch more profitable.

The Federal Land Bank loan was approved on the condition that Agnes subordinate her position of superior lienholder to Federal Land Bank. She did so, but alleges that her subordination was in reliance to Bank's promise to lend Carlsons sufficient operating funds. The loan, when applied to Carlsons' debt at Bank, lowered the debt to approximately $49,000.

Carlsons never received the substantial operating loans allegedly promised. Carlsons eventually defaulted on both Bank and Federal Land Bank loans. Their collateral was liquidated to satisfy some of the Bank loans, and the ranch mortgage was foreclosed by the Federal Land Bank. *See Federal Land Bank v. Carlson*, 411 N.W. 2d 415 (S.D.1987), on rehearing, 422 N.W. 2d 99 (S.D.1988).

Carlsons and Agnes initiated an action against Bank and Erlenbusch claiming a breach of fiduciary relationship, negligent misrepresentation, wrongful removal of permanent fixtures, conversion of a pickup truck, breach of fiduciary duty on the sale of a bull, and two claims of deceit. Bank counterclaimed for debt owed to Bank evidenced by promissory notes, fraudulent misrepresentation of a financial statement, mortgaged collateral, and tortious conduct. All but the first two Bank counterclaims were dismissed on the trial court's motion during settlement of instructions.

The case was tried before a jury. The jury determined that there was no breach of fiduciary relationship, no negligent misrepresentation, and no deceit on the part of

Bank and Erlenbusch. The verdict further determined that Bank converted the pickup truck and wrongfully removed feed bunks which were permanent fixtures. Damages were awarded in the amounts of $4,500 against Bank for removal of fixtures, $2,840 against Bank for converting the pickup truck, and $2,840 against Erlenbusch for converting the pickup truck. Carlsons were also awarded punitive damages of $10,000 and $6,000 respectively for the removal of the permanent fixtures and pickup truck. The verdict denied Bank's counterclaim on the unpaid promissory notes and awarded no damages. The jury also found that Carlsons fraudulently misrepresented a financial statement to Bank but awarded no damages. None of the claims made by Agnes against Bank and Erlenbusch were successful.

Bank appeals the trial court's ruling denying its motions for directed verdict and judgment notwithstanding the verdict as to the counterclaim on unpaid promissory notes. Carlsons appeal the trial court's failure to admonish the jury to disregard the evidence relating to the counterclaims that were dismissed. Erlenbusch is not a party to this appeal.

## I.

Bank's first counterclaim which the trial court dismissed alleged that Carlsons breached a security agreement by selling mortgaged livestock without permission and failed to pay the proceeds to Bank. The second counterclaim alleged that Carlsons violated the security agreement by trading farm machinery without Bank's permission. In its third counterclaim Bank alleged that Carlsons violated the security agreement by permitting waste, damage, and ruin to the farm machinery. Carlsons claim that the references made to these three issues and certain exhibits relating to these counterclaims prejudiced Carlsons. Therefore, they argue that the trial court should have admonished the jury to disregard the evidence and should not have allowed certain exhibits to go to the jury room. We disagree.

■ Nowhere in the record did the trial court orally dismiss the counterclaims. Nor was any written order dismissing the counterclaims made a part of the record. It was Carlsons' responsibility to preserve the issue for appeal by making a record. Throughout the course of the trial Carlsons requested dismissal of the counterclaims. After the request was granted, Carlsons now claim they were prejudiced by some of the testimony and exhibits relating to the dismissed counterclaims.

While we agree that there existed some procedural irregularities in the dismissal of the counterclaims, Carlsons proposed no instructions or admonishment to the jury to disregard the evidence relating to the dismissed counterclaims. They made no motion to exclude exhibits. A party requesting the trial court to admonish or instruct the jury must do so in a timely manner. Carlsons admit that the counterclaims were dismissed before instructions were settled; therefore, they cannot now ask this court to review the issue on appeal when they failed to preserve the issue at the lower court level. *State v. Mountain*, 332 N.W. 2d 726 (S.D.1983). SDCL 19–9–3(1) [1] SDCL 15–6–51(b) [2]

1. SDCL 19–9–3(1) (Rule 103(a)) provides:

    Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]

    "The reason for the rule is two-fold:
    (1) to enable the trial judge to understand the precise question upon which he has to rule and to relieve him of the burden of searching for the basis of the objection; and

(2) to afford the opposing party an opportunity to obviate the objection." State v. Rufener, 392 N.W.2d 424 (S.D.1986); Bright v. Ecker, 9 S.D. 449, 69 N.W. 824 (1897).

2. SDCL 15–6–51(b) provides, in part,

    The court reporter shall be present at such settlement of instructions and shall make a full record of all objections with the reasons stated therefor, and rulings thereon. No grounds of objection to the giving or the refusing of an instruction shall be considered either on motion for new trial or appeal, unless presented to the court upon the "settlement" of such instruction.

Even if Carlsons had properly preserved the issue, it would be difficult for them to establish prejudice since the record does not support their conjecture that failure to admonish the jury and exclude certain evidence misled or prejudiced the jury. The award of punitive damages and the jury's failure to find Carlsons liable to Bank on the promissory notes that Carlsons admitted were unpaid strongly denotes an absence of prejudice.

We hold that the trial court did not err in failing to admonish the jury to disregard the evidence or in failing to exclude certain exhibits relating to the dismissed counterclaims.

## II.

Bank's third amended counterclaim alleged an unsatisfied debt evidenced by promissory notes executed by Carlsons. In their reply to the third amended counterclaim, Carlsons admitted the execution and amount of the debt. By testimony Carlsons also admitted the obligation throughout the course of the trial. Bank further presented evidence substantiating the amount of the debt to be $75,075.72 with daily interest of $20.35 commencing June 25, 1985. At the conclusion of Bank's case and at the close of all the evidence, the trial court denied oral and written motions for directed verdicts. After the jury returned the verdict against Bank, Bank appropriately moved for judgment notwithstanding the verdict. The trial court also denied this motion. Bank argues that the trial court erred in not granting a directed verdict on its counterclaim for the unpaid promissory notes.

A motion for directed verdict under SDCL 15-6-50(a) questions the legal sufficiency of the evidence to sustain a verdict against the moving party. *Nelson v. Schroeder Aerosports, Inc.,* 280 N.W.2d 107 (S.D.1979). Upon such a motion, the trial court must determine whether there is any substantial credible evidence to sustain the action. *Smith v. Halverson,* 273 N.W.2d 146 (S.D.1978). The evidence must be accepted which is most favorable to the nonmoving party, and the trial court must indulge all legitimate inferences therefrom in his favor. *Weber v. Bernard,* 349 N.W.2d 51 (S.D.1984). If sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate. *Cox v. Brookings International Life Ins. Co.,* 331 N.W.2d 299 (S.D.1983).

There is no dispute that Carlsons executed the promissory notes. As to the amount of debt owed, pleadings and testimony verify that $75,075.72 plus accrued interest was borrowed. The only amount subject to dispute is $6,404 plus interest, an amount borrowed by Carlsons' son, Casey Carlson, and eventually added to Carlsons' debt. That amount is a defense to Bank's counterclaim, and the trial court properly denied a directed verdict as to that amount because the liability of that debt is disputed. However, as to $68,671.72, plus accrued interest, the difference between $75,075.72 and $6,404, there is no dispute. Only one inference can be drawn from the evidence—Carlsons owed Bank $68,671.72 plus interest on the promissory notes. Therefore, the trial court erred in not directing a verdict for $68,671.72 plus interest in favor of Bank. While Carlsons assert offsets of the debt by virtue of their separate cause of action against Bank, such claims are not proper defenses to Bank's counterclaim for the unpaid promissory notes and will not be considered on a motion for directed verdict. Those claims were properly presented to the jury as separate causes of action against Bank and are not defenses to an action on promissory notes. *Pacific Coast Capital Corp. v. Research To Reality, Inc.,* 225 N.W.2d 177 (Mich.App.1974).

This case differs from our recent decision in *First National Bank of Volga v. Kleinjan, et al.,* 418 N.W.2d 326 (S.D. 1988), where this court held that even though counterclaims raised genuine issues of material fact as to amount of judgment, setoffs, credits for payments, excess interest charges, and damages, mortgagee was entitled to summary judgment of foreclosure. *Kleinjan* states that the counterclaims are to be considered separately. In this case, the claims and counterclaims and

their respective defenses have been considered separately. There exists no dispute as to the execution of the notes and as to the amount of $68,671.72 plus interest owed. Therefore, a directed verdict is appropriate. In *Kleinjan,* summary judgment was not appropriate to counterclaims since facts were in dispute.

### III.

 Bank also appeals the trial court's denial of their motion for judgment notwithstanding the verdict. Procedurally, the motion for judgment notwithstanding the verdict allows the trial court a second review of the grounds urged in support of the directed verdict. *Parham v. Dell Rapids Township in Minnehaha County,* 80 S.D. 281, 122 N.W.2d 548 (S.D.1963). The motion can only be considered when the moving party requests a directed verdict. SDCL 15-6-50(b). Bank properly made a motion for directed verdict at the close of all the evidence based on Carlsons' pleadings and testimony. Bank also properly requested judgment notwithstanding the verdict on the same grounds. The same grounds may be asserted as a basis for a directed verdict and judgment notwithstanding the verdict. *Schoenrock v. City of Sisseton,* 78 S.D. 419, 103 N.W.2d 649 (S.D.1960).

In reviewing a judgment notwithstanding the verdict, this court has held that the evidence must be viewed in the light most favorable to the jury verdict, giving the prevailing party the benefit of every inference and resolving in its favor every controverted fact. *Lukens v. Zavadil,* 281 N.W.2d 78 (S.D.1979). There is no controverted fact as to the $68,671.72 plus interest owed to Bank. Although Carlsons claimed offsets, those offsets were properly claimed as causes of action and not as defenses to the promissory notes. If the jury believed Carlsons were entitled to substantial damages, they should have awarded damages on Carlsons' claims rather than to indirectly award them damages by denying Bank's counterclaim on the promissory notes. This court will not condone a back-door approach in awarding damages. One

party is entitled to judgment on its claim as a matter of law.

On remand, this court instructs the trial court to direct a verdict for Bank's counterclaim in the amount of $68,671.72 plus accrued interest as evidenced by the promissory notes in the record. Further, the trial court is directed to determine whether Casey Carlson's debt to the Bank in the amount of $6,404 plus interest is a defense to payment of the promissory notes or whether the Carlsons are liable to the Bank for the entire $75,075.72 plus interest.

Affirmed in part, reversed and remanded in part.

WUEST, C.J., and MORGAN, SABERS, and MILLER, JJ., concur.

BERNDT, Circuit Judge, for HENDERSON, J., disqualified.