Kenneth L. HERREN, Plaintiff
and Appellant,

v.

Douglas L. GANTVOORT,
Defendant and Appellee.

No. 16596.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided April 18, 1990.

Thomas L. Fiegen, T.F. Martin, McCann, Martin & McCann, P.C., Brookings, for plaintiff and appellant.

Thomas W. Reeves, Hendricks, Minn., for defendant and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

Ken Herren (Herren) brought an action against Doug Gantvoort (Gantvoort) on December 26, 1987, alleging that Gantvoort was negligent in the operation of his pickup on November 22, 1985, when he slid into Herren on State Highway 22 and that such negligence was the direct and proximate cause of Herren's neck and back injuries.

This case was tried to a jury on January 11, 12, and 13, 1989. Herren made a motion for a directed verdict on the issue of Gantvoort's liability following Herren's case-in-chief. The motion was denied. Thus, evidence continued to unfold during Gantvoort's side of the case. Herren also made a motion for a directed verdict following Gantvoort's case-in-chief which motion was also denied.

Herren requested a jury instruction on Gantvoort's duty "to see what was there to be seen," which instruction was denied by the trial court. The issues were submitted to the jury, which returned a verdict for Gantvoort finding him not negligent.

On January 30, 1989, following a hearing on the matter, the trial court denied Herren's motion for judgment notwithstanding the verdict and Herren's motion in the alternative for a new trial. A final judgment was entered on behalf of Gantvoort by the trial court on February 7, 1989. On appeal, Herren argues:

(1) that the trial court erred in denying his motion for a directed verdict;

(2) that the trial court erred in denying his motion for a judgment notwithstanding the jury verdict and in the alternative for a new trial;

(3) that the trial court erred in not admitting his proposed jury instruction, that Gantvoort had a duty to see what was there to be seen;

(4) that the trial court erred in entering a final judgment on behalf of Gantvoort where the verdict was not supported by the evidence or the settled law of South Dakota.

—Holding—

We affirm the trial court's decision.

## FACTS

Ken Herren was injured in an accident on an icy road (South Dakota Highway 22, one and one-half miles west of the Minnesota border) on November 22, 1985, after Gantvoort's pickup collided with Herren's semi-trailer.

Gantvoort was driving his pickup when he came upon two hills. As he topped the second hill he spotted Herren's semi-truck in his lane ahead of him traveling in the same direction. His pickup truck collided with Herren's vehicle causing the pickup to drift into the right shoulder of the road. The only damage to the semi-truck was a broken tail light lens while the pickup truck had damage to the front sheet metal of the vehicle. Therefore, damages to the vehicles were quite minor.

After the collision, Herren stopped his truck about a quarter mile down the road after realizing that his truck had been hit. Herren testified he did not know what happened or even that he had been hit until he saw Gantvoort's vehicle in the ditch through his right-hand rear window.

An eyewitness, Dennis Toft, said he observed the vehicles and the accident. He was traveling east on the road when he came even with Herren's semi-truck and saw Gantvoort come over the second hill. Toft estimated that Herren's truck was traveling 15–20 miles per hour slower than Gantvoort's pickup.

## DECISION

I. *The trial court did not err in denying Herren's motion for a directed verdict.*

Herren first argues that the trial court should have granted his motion for a directed verdict. We disagree. A motion for directed verdict under SDCL 15-6-50(a) questions the legal sufficiency of the evidence to sustain a verdict against a moving party. *Carlson v. First Nat'l Bk.*, 429 N.W.2d 463, 466 (S.D.1988). Upon such a motion, the trial court must determine whether there is any substantial evidence to sustain the action. *Sabag v. Continen-*

*tal South Dakota,* 374 N.W.2d 349, 355 (S.D.1985). A trial court must accept the evidence which is most favorable to the non-moving party and indulge all legitimate inferences in his favor that can be fairly drawn therefrom. *Carlson, supra.* If sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate. *Id.* The trial court's decision and rulings on such motions are presumed correct and this Court will not seek reasons to reverse. *Lytle v. Morgan,* 270 N.W.2d 359, 360 (S.D.1978). We conclude that at the time these motions were made, sufficient evidence existed to reasonably conclude Gantvoort was not negligent. His alleged negligence was a question for the jury.

At trial, Gantvoort testified that the roads were extremely icy and slippery so he slowed his pickup to 40 miles per hour. Gantvoort further testified he did not see Herren's semi-truck until he came over the second hill when the truck was approximately 400 feet away, that he tried to apply his brakes first, then swerved for the right ditch, but struck the right rear corner of Herren's semi-truck.

The only witness to the accident was Dennis Toft, who stated that he was driving east on the highway and saw Gantvoort come over the second hill. A jury could reasonably infer that Toft saw Gantvoort's pickup coming over the hill for the first time as he (Toft) pulled even with Herren's vehicle. From this testimony, the jury could reasonably conclude Gantvoort also could not see the Herren vehicle because the second hill blocked his view and he was therefore faced with a sudden emergency, not of his own making.

Viewing the evidence most favorably to Gantvoort, we conclude that reasonable minds could differ as to whether Gantvoort was negligent. Therefore, the trial court did not err in refusing to grant Herren's motion for directed verdict.

II. *The trial court properly denied Herren's motion for a judgment notwithstanding the jury verdict or in the alternative for a new trial.*

■ In reviewing a trial court's ruling on a motion for judgment notwithstanding the verdict, this Court must view evidence in a light most favorable to the jury verdict, giving the prevailing party the benefit of every inference and resolving in its favor every controverted fact. *Carlson, supra* at 467. The same grounds may be asserted as a basis for directed verdict and judgment notwithstanding the verdict. *Carlson, supra.*

In this case, the jury returned a verdict in favor of Gantvoort. We must determine, without weighing the evidence, whether there is sufficient evidence which would support the jury's verdict in favor of Gantvoort (finding him not negligent). Herren asserts the same grounds for judgment notwithstanding the verdict as he did for his motion for a directed verdict. Herren also contends a judgment notwithstanding the verdict or a new trial should be granted because the jury's decision against him was based upon passion and prejudice.

The jury is the sole judge of all questions of fact and credibility of the witnesses and the weight to be given the testimony of each of them. *Sharkey v. Washington Nat. Ins. Co.,* 373 N.W.2d 421 (S.D.1985). Under direct examination by Herren's counsel and on cross-examination, Herren admitted to various falsehoods he expressed concerning the present case. The jury is entitled to consider evidence of this kind in connection with all the other facts in evidence in deciding the weight to be given to the testimony of that witness. *Gross v. Gross,* 355 N.W.2d 4 (S.D.1984). Since Herren's testimony was replete with inconsistencies, the jury may properly disregard his testimony. Hence, we hold that the trial court did not err in denying Herren's motion for judgment notwithstanding the verdict.

■ Herren has also alleged that a new trial should be granted on the grounds that the jury verdict was contrary to the weight of the evidence and the settled law of the State of South Dakota. It has been stated that the trial court has broad discretionary power in granting or denying a motion for a new trial, and generally that order will

not be disturbed absent a clear showing of abuse of discretion. *Hepper v. Triple U Enterprises Inc.*, 388 N.W.2d 525, 530 (S.D.1986). We conclude the evidence is sufficient to support the verdict and the judgment and we do not believe the jury's verdict was a product of "passion and prejudice." Therefore, we find no abuse of discretion in the trial court's denial of Herren's motion for a new trial.

III. *The trial court did not err when it refused to admit Herren's proposed jury instruction, that Gantvoort had a duty to see what there was there to be seen.*

 We next address the trial court's denial of Herren's proposed jury instruction, "that defendant had a duty to see what was there to be seen." Jury instructions are adequate, if when considered as a whole, they correctly state the law and inform the jury. *State v. White Mountain*, 332 N.W.2d 726 (S.D.1983); *State v. Traversie*, 387 N.W.2d 2 (S.D.1986). Herren's proposed Instruction Number 2 stated:

It is the law of the state of South Dakota that the operator of a motor vehicle has a duty to see what is plainly in front of him.

If the operator of a motor vehicle fails to see an automobile which was plainly to be seen in front of that vehicle, said operator is bound to the same extent so as he had actually seen the automobile.

If you find the plaintiff's truck was in plain view in front of defendant, but defendant failed to see it, defendant has the same duty as if he had actually saw plaintiff's vehicle.

We note that the trial court gave three instructions as follows:

Instruction No. 10

It is the duty of every driver of a vehicle using a public highway to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision.

While a driver may assume that others will exercise due care and obey the law, he may not for that reason omit any of the care which the law demands of him; and any person driving on a public highway is bound to anticipate the presence on the highway of other person, vehicles and objects;

Instruction No. 11

The statute SDCL 32–25–3 provides that it shall be unlawful for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing or at speeds in excess of those fixed by this chapter or provided by the transportation commission.

This statute sets the standard of care of the ordinarily careful and prudent person. If you find the Defendant violated it, such violation is negligence.

Instruction No. 12

The statute SDCL 32–26–40 provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and conditions of the highway.

This statute sets the standard of care of the ordinarly careful and prudent person. If you find the Defendant violated it, such violation is negligence.

As the instructions given to the jury correctly stated the law on the duty that a driver must maintain while operating a motor vehicle, we must conclude that such instructions were adequate. Additionally, we believe that the legal principles set forth in Herren's proposed instruction were generally embodied in the various instructions given by the trial court. It is not error for the trial court to refuse to give jury instructions which are already embodied in other given instructions. *State v. Cook*, 319 N.W.2d 809, 814 (S.D.1982). Finally, we believe that Herren has failed to show the trial court's denial of his proposed instructions prejudiced him in any manner since it is unlikely that the jury would have returned a different verdict if his instructions had been given. *See Cook*, 319 N.W.2d at 814. We therefore hold that the

trial court did not err in refusing Herren's proposed instruction.

IV. *The trial court did not err in entering a final judgment on behalf of Gantvoort where the verdict was supported by the evidence and the settled law of South Dakota.*

Finally, Herren argues that entry of final judgment on behalf of Gantvoort was erroneous where Herren demonstrated at trial that Gantvoort had violated one or more statutory duties that he owed Herren. As stated earlier, we believe that reasonable minds could differ as to whether or not Gantvoort violated one or more statutory duties that he owed Herren. When viewing the evidence most favorably to Gantvoort, Herren did not demonstrate that Gantvoort neglected his duty to him. *Budahl v. Gordon and Davis Associates*, 323 N.W.2d 853 (S.D.1982).

Broad discretion is given to the trial court when determining whether or not to grant a new trial. Having reviewed the evidence, we cannot conclude the trial court abused its discretion because sufficient evidence existed to support the jury's verdict.

MORGAN and MILLER, JJ., concur.

WUEST, C.J., concurs in result.

SABERS, J., dissents.

WUEST, Chief Justice (concurring in result).

I concur in the result. I agree with Justice Sabers the trial court should have given the requested instruction that Gantvoort had a duty to see what was there to be seen and was bound by same whether he saw anything or not. However, I agree with the majority opinion in that Herren has failed to show the refusal to give the instruction prejudiced him in any manner since it is unlikely the jury would have returned a different verdict if the instruction had been given. Plaintiff never knew his vehicle had been struck. The only damage was to a taillight on the semi. He told the investigating officer he was not hurt and his first complaint of injury attributed to the accident was two and one-half months thereafter when he went to a chiropractor.

SABERS, Justice (dissenting).

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO INSTRUCT THE JURY THAT DEFENDANT GANTVOORT HAD A DUTY TO SEE WHAT WAS THERE TO BE SEEN.

Under the evidence in this case, the jury could conclude that Gantvoort could have seen Herren's vehicle some 1,200 feet before he did. Since Gantvoort claims he did not apply his brakes until he was within 140 feet of Herren's vehicle—too late to stop because of the icy road—it was crucial for the jury to be properly instructed that Gantvoort had a duty to see what was there to be seen (and was bound by same whether he saw anything or not). *Anderson v. Adamson*, 79 S.D. 429, 112 N.W.2d 612 (1962); *Flanagan v. Slattery*, 74 S.D. 92, 49 N.W.2d 27 (1951).

Under the circumstances of this case, it was clearly prejudicial to refuse to give said instruction. Contrary to the statement in the majority opinion, Herren's proposed instruction was not "embodied in other given instructions" and it *is* likely that the jury would have returned a different verdict if Herren's proposed instruction had been given because the emphasis on Gantvoort's conduct would have been substantially different. The undeniable fact is that Gantvoort struck Herren's vehicle even though he could have seen it some 1,500 feet earlier. The jury should have been instructed that Gantvoort was responsible as though he had seen the vehicle earlier.